UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LINDSAY BROOKS, *et. al.*, | ) Case No. 1:25-cv-1086 |
| Plaintiffs, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge |
| | ) Jonathan D. Greenberg |
| STATE FARM FIRE AND CASUALTY CO., | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiffs Lindsay Brooks, Jerome Johnson, JJ House 1 LTD, and Daniel Wertheimer filed suit in State court alleging that Defendant State Farm Fire and Casualty Company failed to indemnify them for losses pursuant to the terms of their respective insurance policies. Plaintiffs' claims concern different properties and separate policies. Defendant moves to sever the claims. For the following reasons, the Court **GRANTS** the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Based on the allegations in the complaint, the records shows the following facts at this early stage of the proceedings. .

**A.  The Brooks Claim**

Plaintiffs Lindsay Brooks, Jerome Johnson, and JJ House 1 LTD own a rental property in Elyria, Ohio. (ECF No. 8, ¶¶ 1, 9, PageID #148–49.) In December 2022, the Brooks property sustained extensive water damage that resulted in interior damage to the rental house. (*Id.*, ¶¶ 9, 13, PageID #149–50.) Specifically, the rental

house sustained damage to the flooring, subfloors, cabinets, baseboards, drywall, walls, windows, doors, joists, floorboards, ceilings, light fixtures, and required moisture cleanup and mold remediation. (*Id.*, ¶ 13, PageID #150.) At the time of the loss, the Brooks property was insured by State Farm under a rental dwelling policy. (*Id.*, ¶ 7, PageID #149.)

Following the damage to the property, these Plaintiffs notified State Farm and were issued a claim number. (*Id.*, ¶ 11, PageID #150.) At the request of State Farm, they provided utility bills, reports, and answers to inquiries to facilitate the repair of the property. (*Id.*, ¶ 17–19, 21–22, PageID #151.) In early February 2023, these Plaintiffs had a contractor do a walkthrough of the property to prepare an estimate for the cost of repairs. (*Id.*, ¶ 23, PageID #151.) Over the next month, these Plaintiffs and the contractor allegedly tried to contact State Farm and the adjuster, without success, for clarification on the policy's coverage and the cost of the repairs. (*Id.*, ¶¶ 24–26, PageID #151.) Because of State Farm's lack of a response, the contractor was unable to take the job. (*Id.*, ¶ 29, PageID #152.)

Eventually, State Farm responded and provided these Plaintiffs with its estimate for the repairs to the property. (*Id.*) They tried to discuss the estimate with State Farms' adjuster but were unable to do so. (*Id.*) Then, State Farm assigned two new adjusters to the claim. (*Id.*, ¶ 30, PageID #152.) Ultimately, these Plaintiffs and State Farm disagreed on the amount of loss to the property. (*Id.*, ¶ 31, PageID #152.) Therefore, on May 29, 2024, these Plaintiffs issued a written demand for an appraisal under the policy, which State Farm rejected on June 5, 2023. (*Id.*) On August 11,

2023, State Farm agreed to the appraisal. (*Id.*, ¶ 36, PageID #154.) On December 27, 2023, State Farm issued payment for the amount determined in the appraisal. (*Id.*)

### B. The Wertheimer Claim

Plaintiff Daniel Wertheimer owns property in Hartville, Ohio. (*Id.*, ¶ 2, PageID #148.) In March 2023, Mr. Wertheimer's property sustained damage during a storm from wind, hail, and rain. (*Id.*, ¶10, PageID #149.) Specifically, there was exterior damage to the roof and siding of Mr. Wertheimer's house and his barn's roof. (*Id.*) At the time of the loss, the property was insured by State Farm under a homeowners' policy. (*Id.*, ¶7, PageID #149.)

Following the damage, Mr. Wertheimer notified State Farm and was issued a claim number. (*Id.*, ¶12, PageID #150.) Then, he submitted an estimate of $59,957.15 to repair the damage. (*Id.*, ¶ 39, PageID #154.) But State Farm disagreed and claimed that the damages were $2,625.76. (*Id.*) Because of this disagreement, Mr. Wertheimer demanded an appraisal in July 2023. (*Id.*, ¶ 41, PageID #155.) State Farm denied the appraisal. (*Id.*, ¶ 42, PageID #155.) In September 2024, Mr. Wertheimer again demanded an appraisal, but the next month State Farm again denied the request. (*Id.*, ¶ 46, PageID #157.) State Farm has yet to pay Mr. Wertheimer for the loss. (*Id.*, ¶ 47, PageID #157.)

## STATEMENT OF THE CASE

Plaintiffs sued Defendant State Farm in a single complaint filed in State Court on April 17, 2025. (ECF No. 1-4.) On May 28, 2025, Defendant removed the case to federal court based on diversity jurisdiction. (ECF No. 1.) Plaintiffs sue for breach

of contract and breach of the duty of good faith and fair dealing. (ECF No. 8.) Defendant moves to sever Plaintiffs' claims under Rule 21. (ECF No. 14.)

## ANALYSIS

Arguing that Plaintiffs' claims do not arise out of the same transaction or occurrence, or series of transactions or occurrences, and that there is no question of law or fact common to the two sets of Plaintiffs, Defendant moves to sever the claims. (ECF No. 8, PageID #258.)

### I. Joinder (Rule 20)

Under Rule 20, plaintiffs may join in one action if "they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). However, where the claims are not sufficiently related, the court may sever any claim against a party. Fed. R. Civ. P. 21; *see also Johari v. Ginther, et al.*, No. 2:21-cv-4236, 2021 WL 4033163, at *1–2 (S.D. Ohio Sept. 3, 2021). "The permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (citation omitted).

In determining whether to sever claims, the Court considers several factors, including:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were

granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*Id.* at 733 (citation omitted).

Here, Plaintiffs' claims do not arise out of the same transaction or occurrence. Plaintiffs' claims arise from unrelated insurance claims resulting from different losses on different dates brought under different types of insurance policies by unrelated plaintiffs. (ECF No. 8, ¶¶ 1–15, PageID #148–50.) To begin, the Brooks Plaintiffs own a rental property in Elyria, Ohio and are covered by a rental dwelling policy. (*Id.*, ¶¶ 1, 6, PageID #148–49.) Their loss came from water damage in December 2022. (*Id.*, ¶¶ 9, 13, PageID #149–50.) Mr. Wertheimer owns real estate in Hartville, Ohio and is covered by a homeowners' policy. (*Id.*, ¶¶ 2, 7, PageID #148–49.) A storm in March 2023 causes damage to Mr. Wertheimer's property. (*Id.*, ¶10, PageID #149.) Additionally, the Brooks Plaintiffs had an appraisal but Mr. Wertheimer did not. (*Id.*, ¶¶ 16–47, PageID #150–57.)

Regarding the other factors, there is no common question of law or fact. The only commonality between the two claims is that State Farm was the insurer of both properties and is the common defendant. Otherwise, Plaintiffs' claims differ in almost every other relevant way. "[T]he fact that there is a common theme or similar issues of liability is not sufficient to support joinder." *Cruikshank v. Berne Twp.*, No. 2:24-CV-1664, 2024 WL 4588777 (S.D. Ohio Oct. 28, 2024) (citation modified) (quoting *Wood v. Chambers-Smith*, No. 2:24-cv-165, 2024 WL 2292020, at *11 (S.D. Ohio May 21, 2024)). Given the differences between the claims, and without a common question of law and fact, it is not in the interest of judicial economy for the claims to proceed

5

as one. Finally, because each claim has its own distinct case file and different State Farm personnel handled each claim, there will likely be different witnesses and documentary proof required for each set of Plaintiff's claims. (ECF No. 8; ECF No. 12; ECF No. 14.)

For all these reasons, the Court determines that the claims are not properly joined. Pursuant to Rule 21, the Court severs Plaintiffs Lindsay Brooks, Jerome Johnson, and JJ House 1 LTD's claims from Plaintiff Daniel Wertheimer's claims.

## II. Misjoinder (Rule 21)

Having determined that Plaintiffs" claims must be severed, the Court addresses next steps in this case. "The manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 682 (6th Cir. 1988) (citing 3A J. Moore and J. Lucas, *Moore's Federal Practice* ¶ 21.03, at 21–26 (1986)). "[D]ropping misjoined parties to the lawsuit without prejudice is appropriate . . . as is directing the first-named party to file an amended complaint after granting the motion to sever, dismissing all claims of other plaintiffs without prejudice, and directing those parties to file new, separate complaints within 30 days of granting the motion to severe." *Billingsley v. Lincoln Elec. Co.*, No. 1:21-cv-00944, 2022 WL 4599189, at *2 (N.D. Ohio Sept. 30, 2022) (citation omitted).

## CONCLUSION

For the foregoing reasons, the Corut **GRANTS** Defendant's motion to sever (ECF No. 14), **DISMISSES WITHOUT PREJUDICE** Plaintiff Daniel Wertheimer's

claims, and **ORDERS** the remaining Plaintiffs to file an amended complaint by December 3, 2025.

    **SO ORDERED.**

Dated: November 3, 2025

                                      J. Philip Calabrese
                                      United States District Judge
                                      Northern District of Ohio