**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Lindsay Brooks, *et al.*, | ) | CASE NO. 1:25-cv-01086 |
| Plaintiff(s), | ) | JUDGE J. PHILIP CALABRESE |
| v. | ) | MAGISTRATE JUDGE JONATHAN D. GREENBERG |
| State Farm Fire and Casualty Company, | ) | |
| Defendant(s). | ) | **ORDER SETTING MEDIATION CONFERENCE** (rev. 5/15/25) |

A mediation conference will be held in the above-captioned case on **February 3, 2026, at 10:00 a.m.**, in Chambers 10B, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio, before the Honorable Jonathan D. Greenberg, United States Magistrate Judge. All parties and their lead counsel are ORDERED TO APPEAR at that time.

**MEDIATION CONFERENCE PREPARATION**

**A. FORMAT**

**1. ATTENDANCE OF ALL PARTIES REQUIRED. Parties with ultimate settlement authority must be personally present. Ultimate settlement authority means the authority to settle up to the full amount of the other sides' demand**. The conference shall be attended by all named individuals, as well as by an authorized representative of any named corporate, governmental, or other entity, together with trial counsel for each party. When the settlement decision will be made in whole or in part by an insurer, the insurer shall send a representative in person with full and complete authority to bind the company up to the value of

the plaintiff's claim and/or defendant's claim. A governmental entity shall send a representative authorized to act on its behalf, and to bind the governmental entity up to the value of the plaintiff's claim and/or defendant's claim. A corporate entity shall send a representative with full and complete authority to bind the company up to the value of the plaintiff's claim and/or defendant's claim.

If a party's authority is determined in advance of the mediation conference by a committee, board, or similar body, counsel shall notify the Court and opposing counsel no later than seven (7) days prior to the mediation conference. Moreover, the Court is mindful that, under certain very limited circumstances, an individual with full settlement authority up to the full amount of the demand may not be available to attend the conference. If such a situation arises, the party must file a written motion to excuse the presence of such a person no less than five (5) business days prior to the mediation conference. Parties with full settlement authority are expected to attend and will not be excused routinely.

Having a client with authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances, which does not include ordinary travel expenses and inconvenience. It is impossible for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective towards settlement. Because the Court and the parties invest significant resources in these conferences, the failure of a party, counsel, or persons with ultimate settlement authority to appear in person may result in sanctions, including payment of fees and costs of other parties who do attend the conference.

**In the confidential statement referenced below, counsel shall identify the client representative(s) that will be attending and certify that the attending representative has full settlement authority up to the amount of the plaintiff's claim and/or defendant's claim. If a**

**party fails to produce the appropriate person(s) at the conference (i.e., a representative(s) with full settlement authority), and the Court makes the determination that such failure negatively impacted the effectiveness of the conference, the Court may, in its discretion, order an award of costs and attorney fees incurred by the other parties in connection with the conference and/or other sanctions against the noncomplying party and/or counsel. The Court may also require the parties to return for a rescheduled conference with the appropriate person(s) present.**

**2. CONFIDENTIAL MEDIATION STATEMENT. Each party shall submit a confidential mediation statement no later than close of business (5:00 p.m.) onJanuary 27, 2026.** The mediation statement shall not be filed with the clerk. It shall be emailed to Greenberg_Chambers@ohnd.uscourts.gov. The statement shall be for the exclusive use of the Magistrate Judge's conference preparation. Thus, the parties are encouraged to be candid.

<u>Contents</u>. The mediation statement shall not exceed 3 pages without leave of court and shall include:

(1) An outline of factual and damage allegations

(2) A summary of the parties' respective positions

(3) A **<u>certification</u>** that counsel has reviewed this order with any conference participants for your client and is aware that the court will collect cellular devises from all counsel and other participants at the start of the mediation

(4) The **<u>current status of settlement discussions</u>** including results of the required pre-mediation demand/offer exchange (**See details in the next section*), and

(5) Identification of lead counsel and the cell phone where lead counsel may be reached.

Counsel may submit exhibits they deem necessary for the court's understanding of the case, but exhibits may not exceed fifty (50) pages without leave of the court and only for good cause.

**3. PRE-MEDIATION CONFERENCE DEMAND AND OFFER.** A mediation conference is more productive if the parties have had a written exchange of their settlement proposals prior to the conference. Accordingly, by no later than **January 13, 2026**, each counsel making affirmative claims for relief ("claimant's counsel") shall submit a written itemization of damages and settlement demand to opposing counsel, and copy the Court, with a brief explanation of why such a settlement is appropriate. This demand is off the record.

By no later than **January 20. 2026,** opposing counsel shall submit a written offer to claimant's counsel, and copy the Court, with a brief explanation of why such a settlement is appropriate. This offer is off the record.

On occasion, this process will lead to a settlement. If not, claimant's counsel shall include details on the parties settlement positions in their respective mediation statements.

**4. MEDIATION FORMAT.** The mediation format will generally including opening presentations by each side followed by a joint discussion and then private caucusing by the Court with each side. The Court expects all participants to be fully prepared and engaged. Parties shall keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute. **The Court will also collect cellphones from all participants, including counsel, at the start of the mediation. They will be returned when the conference concludes.**

**5. STATEMENTS INADMISSIBLE.** Statements made during the conference shall not be used in discovery and will be inadmissible at trial. Parties are encouraged to be frank and open in their discussions. The parties will address each other with courtesy and respect.

## B. ISSUES TO BE DISCUSSED AT MEDIATION CONFERENCE.

Parties should be prepared to discuss the following at the mediation conference:

1. What are your objectives in the litigation?

2. What issues need to be resolved? Strengths and weaknesses of your case?

3. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

4. What are the points of agreement and disagreement between the parties? Factual? Legal?

5. What are the impediments to settlement?

6. What remedies are available through litigation or otherwise?

7. Are there possibilities for a creative resolution of the dispute?

8. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

9. Are there outstanding liens? Do we need to include a representative of the lienholder?

10. What legal costs or case expenses will you incur to take the case through trial and appeal?

**C. INVOLVEMENT OF CLIENTS**

For many clients, this will be the first time they have participated in a court supervised mediation conference. Therefore, counsel shall provide their clients with a copy of this Standing Order and shall discuss with them the points contained herein prior to the mediation conference.

**D. REQUESTS TO RESCHEDULE MEDIATION OR EXCUSE ATTENDANCE**

Any requests to reschedule mediation proceedings and/or excuse the attendance of a named party or party representative must be set forth in a written motion. Such motion must be filed no less than five (5) days prior to the scheduled proceeding, absent extenuating circumstances. With regard to a motion to reschedule mediation proceedings, the moving party (or parties, if it is a joint motion) must confer with opposing counsel and propose no less than three (3) alternative dates that are agreeable to all participants. Any request not complying with

the above provisions will be denied. The Court will not entertain telephone calls or emails requesting that mediation proceedings be rescheduled or that named parties/party representatives be excused.

IT IS SO ORDERED

Date: December 17, 2025

s/ *Jonathan D. Greenberg*
JONATHAN D. GREENBERG
U.S. MAGISTRATE JUDGE